17-902
*Macias v. Ocwen Loan Servicing LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of December, two thousand seventeen.

Present:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> JOHN M. WALKER, JR.,
> GUIDO CALABRESI,
> > *Circuit Judges*.

───────────────────────────────

ROBERT MACIAS,

> *Plaintiff-Appellant*,

> v.                                                                No. 17-902

OCWEN LOAN SERVICING, LLC, DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for DSLA Mortgage Loan Trust 2007-ARI,

> *Defendants-Appellees*,

DOES ONE THROUGH ONE HUNDRED, INCLUSIVE,

> *Defendants*.

───────────────────────────────

For Plaintiff-Appellant:                 Steven Bruce Rabitz, Law Office of Steven B. Rabitz, PC, Massapequa, NY.

1

For Defendants-Appellees:                    Brian Pantaleo, Patrick G. Broderick, Greenberg Traurig, P.A., West Palm Beach, FL; Shane Biffar, Greenberg Traurig, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED**.

Plaintiff-appellant Robert Macias, a California homeowner who obtained a mortgage in 2007, brought this action against defendants-appellees Ocwen Loan Servicing, LLC ("Ocwen"), the purported servicer of the mortgage, and Deutsche Bank National Trust Co. (the "Trust"), the purported owner of the mortgage loan. In brief, Macias asserted that, because of an invalid assignment, appellees have no interest in his home, and that they made a series of unlawful misrepresentations and omissions in the course of attempting to collect mortgage payments from him and foreclose on his home. In an order dated March 2, 2017 and a judgment entered the next day, the district court (Caproni, *J.*) dismissed Macias's Amended Complaint in its entirety and closed the case, and Macias timely appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Macias contends that the district court erred in dismissing five of his claims for failure to state a claim. "We review *de novo* a district court's grant of a motion to dismiss, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in favor of the plaintiffs." *Muto v. CBS Corp.*, 668 F.3d 53, 56 (2d Cir. 2012). We conclude that the district court properly dismissed these claims under Rule 12(b)(6).

Macias fails to state a claim under the Fair Debt Collection Practices Act ("FDCPA") against Ocwen because, as he conceded before the district court, he does not allege that his home loan was already in default at the time Ocwen became the servicer of his mortgage and therefore does not allege that Ocwen is a "debt collector" under the FDCPA. *See* 15 U.S.C. §§ 1692e, 1692f, 1692g (regulating certain practices by "debt collectors"); *id.* § 1692a(6)(F)(iii) (excluding from the definition of "debt collector" "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person").

Macias fails to adequately plead a violation the California Homeowner Bill of Rights ("HBOR"). While he claims that Ocwen violated unspecified provisions of the HBOR by, for example, allegedly failing to provide him with certain notices, his pleading is merely "a formulaic recitation of the elements of a cause of action" that is "devoid of further factual enhancement" and is therefore insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Macias's claim under the Truth in Lending Act ("TILA") is time-barred. As relevant here, a borrower must bring a TILA claim "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Macias brought his TILA claim, which is based on an allegedly invalid transfer of his mortgage loan in 2007, in 2016, well beyond that one-year period. Macias's attempt to invoke equitable tolling is unavailing because he pleads in only a conclusory fashion that appellees prevented him from discovering the alleged violation. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 157 (2d Cir. 2012) (noting that "a statute of limitations may be tolled due to the defendant's fraudulent concealment if the plaintiff

3

establishes," among other things, that "the defendant wrongfully concealed material facts relating to defendant's wrongdoing" (internal quotation marks omitted)).

Macias's common law claims for slander of title and constructive fraud also fail. As an initial matter, we conclude that Macias, who argued below that California law applies to these claims and does not challenge the district court's choice-of-law analysis, has forfeited any argument that New York law should apply instead. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 124 n.29 (2d Cir. 2005) ("The law in this Circuit is clear that where a party has shifted his position on appeal and advances arguments available but not pressed below, . . . waiver will bar raising the issue on appeal." (quoting *United States v. Braunig*, 553 F.2d 777, 780 (2d Cir. 1977) (alternation in original)). We therefore consider these claims under California law.

The slander of title claim, which is based on appellees' recording of several notices regarding Macias's home, is inadequately pleaded. Under California law, such notices may give rise to a slander of title claim only if a defendant has acted with "malice," which requires that "the publication was motivated by hatred or ill will towards the plaintiff" or that the defendant "acted in reckless disregard of the plaintiff's rights." *Kachlon v. Markowitz*, 85 Cal. Rptr. 3d 532, 545, 547 (Cal. Ct. App. 2008). Macias alleges in a conclusory fashion only that appellees recorded the notices "with the intent to wrongfully foreclose" or "in bad faith, with malice, or . . . in reckless disregard of" Macias's rights, App'x 36, and he therefore has not plausibly pleaded a slander of title claim.

The claim for constructive fraud fails because, under California law, that cause of action "depends on the existence of a fiduciary relationship of some kind." *Younan v. Equifax Inc.*, 169 Cal. Rptr. 478, 489 (Cal. Ct. App. 1980). Macias has not alleged any such relationship, and, as a

4

general matter under California law, "[t]he relationship between a lending institution and its borrower-client is not fiduciary in nature." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 283 Cal. Rptr. 53, 54 n.1 (Cal. Ct. App. 1991). On appeal, Macias makes no attempt to salvage this claim by showing that a fiduciary relationship is not required or could be adequately pleaded, but instead he argues that he has stated a claim for fraud on a fraud-by-omission theory. Because he raises this theory for the first time on appeal we consider it forfeited. *See Wal-Mart Stores, Inc.*, 396 F.3d at 124 n.29. Accordingly, his constructive fraud claim was properly dismissed.

Macias also contends that the district court erred in dismissing his declaratory judgment claim for lack of standing, or, in the alternative, in declining to exercise jurisdiction over that claim. "We review *de novo* a decision as to a plaintiff's standing to sue based on the allegations of the complaint and the undisputed facts evidenced in the record." *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 84–85 (2d Cir. 2014). A district court's decision not to exercise jurisdiction over a declaratory judgment claim "is reviewed deferentially, for abuse of discretion." *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003) (per curiam).

We conclude that Macias lacks standing to assert his declaratory judgment claim. Where, as here, a mortgagor does not dispute that he is in default and does not allege multiple payment demands from different putative lenders, his injury from an allegedly invalid assignment is "entirely hypothetical" and therefore insufficient to confer Article III standing. *Rajamin*, 757 F.3d at 85–86. Moreover, Macias offers no argument to support his contention that the district court abused its discretion in deciding that, even if Macias did have standing, it would exercise its discretion to decline jurisdiction over the declaratory judgment claim. We consider this argument forfeited. *See Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at

5

developed argumentation, are deemed waived." (internal quotation marks omitted)). Macias's declaratory judgment claim was therefore properly dismissed.

Finally, Macias contends that the district court erred in denying him leave to amend his complaint. "We generally review a district court's denial of leave to amend for abuse of discretion, 'keeping in mind that leave to amend should be freely granted when justice so requires.'" *Thea v. Kleinhandler*, 807 F.3d 492, 496 (2d Cir. 2015) (quoting *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 177 (2d Cir. 2006)). Although "[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party[,] . . . [o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200–01 (2d Cir. 2007) (internal quotation marks and citation omitted) (second alteration in original).

In his opposition to appellees' motion to dismiss, Macias requested leave to amend his pleading both to cure any deficiencies in his existing claims and to add a claim, and appellees' reply brief did not respond to this request or offer any argument that amendment would be futile. The district court's well-reasoned and otherwise comprehensive opinion did not discuss this request but rather closed the case, thereby implicitly denying leave to amend. Macias argues that he should have been granted leave to amend because it would not be futile for him to amend the claims that were dismissed as inadequately pleaded, and appellees offer no argument to the contrary. We conclude that Macias's request for leave to amend should not have been denied without "any apparent or declared reason." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The district court did not provide a reason for the denial, and no suitable reason – such as futility, bad faith, delay, or prejudice – is immediately obvious from the record. *See McCarthy*, 482 F.3d at 200. Accordingly, we vacate the district court's denial of Macias's request for leave to amend his

6

complaint, and we remand for reconsideration of that request, with instructions that the district court determine whether there is "good reason" to deny Macias leave to amend.

For the foregoing reasons, the judgment of the district court is **AFFIRMED** in part**,** **VACATED** in part**,** and **REMANDED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk